## FRENSLEY BROS. LUMBER CO. v. FIRST NAT. BANK OF MARIETTA (R. P. TAYLOR, Defendant.)

No. 16787—Opinion Filed June 15, 1926.

(Syllabus.)

**Garnishment—Liability of Proceeds of Mortgaged Chattels Deposited in Mortgagee Bank.**

Where a bank has a mortgage on the personal property of a creditor in order to secure the payment of the debt, and the bank permits such creditor to dispose of such property and the portion of the proceeds applied to the partial payment of such debt and the remainder deposited at the bank to the credit of the mortgagor with the privilege of the mortgagor drawing checks thereon, the relation between such mortgagor and mortgagee is changed to that of debtor and creditor as to such portion of the proceeds, and such deposit then becomes subject to garnishment by a creditor of the depositor.

Error from District Court, Love County; Asa E. Walden, Judge.

Garnishment by the Frensley Bros. Lumber Company against the First National Bank of Marietta (R. P. Taylor, defendant). Judgment for garnishee, and plaintiff brings error. Reversed and remanded, with directions.

Wilkins & Wilkins, for plaintiff in error.

J. H. Hays, for defendant in error.

LESTER, J. The parties to this appeal occupy the same position as in the district court.

The plaintiff commenced an action in one of the justice courts of Love county, Okla., against the defendant R. P. Taylor, and judgment thereafter was rendered against him in said court, from which no appeal was taken. About six months thereafter. plaintiff filed garnishment affidavit in said justice court, alleging that the First National Bank of Marietta, Okla., had property, money, etc., in its hands or under its control belonging to said defendant R. P. Taylor. Summons was thereafter issued and service obtained upon said bank. The bank made its answer, in which it admitted that it had property of the said defendant in its possession and under its control, and the same being a deposit to the credit of the said R. P. Taylor in the sum of $82.50, but claimed the said amount was not subject

to garnishment to pay the indebtedness of the said R. P. Taylor; that the said money on deposit was a part of the money received by R. P. Taylor from the sale of two bales of cotton, and that the said garnishee held notes against the said R. P. Taylor which were in excess of the said deposit and which notes were secured by a mortgage upon the cotton sold by Taylor. A trial was had in the said justice court upon the answer filed by said garnishee, and a judgment was rendered in favor of the plaintiff, which judgment ordered and decreed that said garnishee pay into court the amount of money held on deposit by said garnishee to the credit of R. P. Taylor. The garnishee thereupon appealed to the district court, and thereafter, on the 26th day of November, 1924, said cause was tried by said court and judgment rendered by said court in favor of the garnishee. Plaintiff filed a motion for new trial, and the same was overruled by the court, and the plaintiff appeals from said judgment.

It appears that the deposit at the bank was such as is ordinarily carried by a customer at a bank with the privilege of checking on such a deposit. A Mr. Conrad was the only representative of the bank that testified at the time. It is not disclosed from the testimony what connection he had with the bank. He testified that at times the deposit was placed in the bank to the credit of Taylor; that Taylor desired the money placed to his credit for the purpose of paying for the picking of cotton and buying groceries. The witness Conrad also testified that the employees of the bank had no instruction from him in reference to the payment of checks that might be drawn by Taylor against such accounts. It is not urged by the First National Bank, garnishee, that the deposit made to the credit of Taylor was a specific one, but it insisted that as the bank had a mortgage on the cotton crop, from which crop the proceeds of the deposit were derived, the same was not subject to garnishment by a creditor.

The facts in this case are simple. The bank, as mortgagee, allowed the defendant Taylor to sell the mortgaged cotton. It then, at the request of Taylor, placed to his credit a portion of the proceeds from the sale of the cotton which Taylor was privileged to draw out by check, and while the money was on deposit subject to check of Taylor, a creditor of Taylor garnisheed the deposit, and the bank then asserted ownership in the said deposit.

In the case of Carr v. Brawley, 34 Okla. 500, 125 Pac. 1131, the court said:

"We conclude that the plaintiff below, in consenting to the sale of the mortgaged property, waived the lien of the mortgage, and that she had no lien on the proceeds, and that therefore the same were subject to the process sued out by the creditor."

The court in the same case quotes with approval the case of Maier v. Freeman, 112 Cal. 8, 44 Pac. 357, 53 Am. St. Rep. 151, in which it is said:

"If a mortgagee of chattels authorized the mortgagor, as his agent, to sell the mortgaged property, and to deposit the proceeds in a bank, to be applied on the mortgage debt, and a sale is made under such authorization, the lien of the mortgage does not attach the proceeds, and they are subject to attachment by the other creditors of the mortgagor. Neither a trust nor an equitable assignment is created in favor of a mortgagee of chattels on the proceeds of their sale when he authorized the mortgagor to sell them, to collect the proceeds of the sale, and to deposit them in a bank, to be applied on the mortgage debt."

It appearing from the record in this case that the same presents a question of law only, the cause is reversed, with directions to enter judgment for the plaintiff and against the First National Bank of Marietta, garnishee.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HUNT, and RILEY, JJ., concur.

Note.—See 28 C. J. p. 89 §108.